Closed
12/3/03

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

JAN 0 6 2004

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

CYNTHIA REED                              §

VS.                                       §           NO. **2:01-CV-2459**

ISLE OF CAPRI CORPORATION,
ST. CHARLES GAMING COMPANY, INC.§                    Judge Minaldi
AND GRAND PALAIS RIVERBOAT, INC.
d/b/a  ISLE OF CAPRI OF
LAKE CHARLES, LOUISIANA                   §           Magistrate Judge Wilson

## PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT, ISLE OF CAPRI, ETC.

The  defendants' Motion for Summary Judgment is without merit and should be denied at defendants' cost.

The remaining cause of action in this proceeding is governed by the substantive law of the State of Louisiana.

FACTS:   On February 27, 2000, Cynthia Reed gambled and drank at Isle of Capris until she ran out of funds,  then she sought out her friend, Georgette Lampres, to request money.  Georgette refused, and  Cynthia became loud and abusive.  The Isle of Capris evicted  both Cynthia Reed and Georgette Lamprez.  The eviction report on Cynthia Reed, completed by the Isle's  chief of security, Jacqueline Henry, stated: "**patron is intoxicated**".   Jacqueline Henry thought the evictees were turned over to the Calcasieu Parish Sheriff's office.  This proved untrue.   Investigation revealed that security personnel of the Isle of Capri physically escorted  Cynthia and Georgette to  Cynthia's vehicle and forced them to depart despite Georgette's protests that Cynthia was too drunk to drive.   After a while, Georgette got out of the vehicle.   Sometime later, Cynthia was involved in a one-vehicle accident causing permanent injuries to herself.



**ISSUES OF FACT**:

(1) The Isle of Capri now chooses to contest whether Cynthia Reed was intoxicated at the time of the eviction.   This is an issue of fact.   See depositions of Georgette Lamprez and Jacqueline Henry, Eviction Report, and attached Affidavits and reports of Dr. Saferstein and Fred del Marva, clearly showing that, based upon the blood alcohol content of Cynthia Reed, and assuming she had no additional alcohol after the eviction, she would have been legally intoxicated at the time of the eviction.

(2) Even if the Isle of Capri stipulates, for the purpose of the Motion for Summary Judgment, that Cynthia Reed was intoxicated at the time of the eviction, a factual issue exists whether the proximate cause of the injury was the pre-existing condition of intoxication, or the affirmative act of evicting a person who was intoxicated.  Clearly, mere intoxication, without the  eviction  would have created no cause of action.  However, the affirmative act of eviction of an intoxicated person, increasing the risk of peril to a patron who was at least believed to be intoxicated, is the most direct and probable cause in fact of the injuries.

ISSUES OF LAW:

(1)  Whether La. R.S. 9:2800.1 grants the Isle of Capri immunity  for "affirmative acts increasing the risk of peril to an intoxicated patron."

ARGUMENT:

In this situation, the ISLE OF CAPRI had a duty to act as a reasonable person under the circumstances and to avoid affirmative acts  which increased the risk of peril to an intoxicated patron. **Evicting plaintiff from the premises** without providing an opportunity for sobering or without providing safe transportation  was an affirmative act  in this case which increased the risk of harm of plaintiff  to herself and to the public.  [Pence v. Ketchum,  (La. S. Ct., 1976) 326 So. 2d 831; Bertrand v. Kratzer's Country Mart (La. App. 3rd Cir. 1990) 563 So. 2d 1302, writ denied, 569 So. 2d 959 (La. S. Ct. 1990); Sanders vs. Hercules Sheet Metal, Inc., (La. S. Ct., 1980), 385 So. 2d 772;  Farrington v. Houston's Inc., 750 F.2d 492 (5th Cir.1985).   These cases preceded the adoption of La. R.S. 9:2800.1.

However, La. R.S. 9:2800.1 merely codified the existing jurisprudence at the time of its adoption.

See *Edson v. Walker*, 573 So.2d 545 (La.App. 1st Cir.), *writ denied*, 576 So.2d 34 (La.1991):

> "The Legislature enacted La.R.S. 9:2800.1 effective June 6, 1986 to limit liability for social hosts, or persons who sell or serve intoxicating beverages, for any injury inflicted by the intoxicated person upon himself or others. **Enactment of this statute evidences legislative intent to retain the prior jurisprudence which held that the consumption of alcohol not the selling or serving of alcohol was the legal cause of an alcohol related injury.** *See Edson v. Walker*, 573 So.2d 545 (La.App. 1st Cir.), *writ denied*, 576 So.2d 34 (La.1991)."

For a detailed history of the law in this area, see the Louisiana Supreme Court's pronouncement in Berg v. Zummo, #2000-C-1699, (La. 4/25/01), 786 So. 2d 708 (copy attached hereto).  Please note that multiple references in Berg v. Zummo, continue to distinguish between the mere "sale, serving, or furnishing of alcoholic beverages" (for which limitation of liability is given by La. R.S. 9:2800.1) and "affirmative acts which increase the peril to an intoxicated patron" (for which liability may still be imposed).   The Fourth Circuit in Berg had ruled that "merely serving alcohol to an underage person who becomes intoxicated and causes injury to others  or to himself is not an 'affirmative act'  which can result in liability of the bar."  Berg v. Zummo, 99-CA-0974 (La. App. 4 Cir. 5/10/00), 763 So. 2d 57,  (excerpt from Supreme Court opinion at 786 So. 2d  at p. 712).    In Berg, the Supreme Court  reversed the 4th Circuit and imposed liability.

Other courts have refused to entertain the defense argument that La. R.S. 9:2800.1 grants immunity even for "affirmative acts which increase the risk of harm to the patron."  See for example Bourgeois v. Puglisi  615 So.2d 1047, *1049 (La.App. 1 Cir.,1993):

> "**We need not determine whether enactment of La.R.S. 9:2800.1 abolished the duty to avoid affirmative acts which increase the peril to either the intoxicated person or to third parties.** *See*, e.g. *Boudreaux v. Delchamps, Inc.*, 567 So.2d 700 (La.App. 3d Cir.), *writ denied*, 571 So.2d 629 (La.1990); *Freeman v. Estate of Young*, 552 So.2d 1285 (La.App. 1st Cir.1989), *writ denied*, 556 So.2d 1281 (La.1990)."
> Bourgeois v. Puglisi  615 So.2d 1047, *1049 (La.App. 1 Cir.,1993)

## STATUTORY CONSTRUCTION:

Statutes in derogation of the common rights of victims of negligence must be strictly construed.

> "…(I)mmunity statutes are in derogation of a common right and are to be strictly construed."
> Broussard v. Dept. of Transp. & Dev., *539 So.2d 824* (La.App. 3 Cir. 1989)

La. R.S. 9:2800.1 is arguably in derogation of plaintiff's right to recover for negligent conduct of defendant. It should be strictly construed.

In the U.S. Fifth Circuit, the most recent interpretation of La. R.S. 9:2800.1 is found in <u>Mayo v. Hyatt Corp.</u>, 898 F. 2d 47 (5th Cir., 1990), in which the Fifth Circuit cited La. R.S. 9:2800.1, and then stated:

> "the sole duty of a seller of alcoholic beverages is to avoid taking "affirmative acts which increase the peril to an intoxicated person." *Thrasher v. Leggett*, <u>373 So.2d 494</u>, 497 (La. 1979)."

Several of the State Circuit Courts of Appeal in Louisiana have interpreted the "affirmative act" liability of alcohol vendors as surviving the adoption of La. R.S. 9:2800.1.  See for instance see:

<u>Godfrey v. Boston Old Colony Insurance Company</u>,  No. 97-2568 (La. App. 4th Cir. 5/27/98), 718 So. 2d 441, writ denied, 98-2487 (La. 11/20/98), 729 So. 2d 563.:

> "The first court to apply LSA-R.S. <u>9:2800</u> to a specific factual situation was the United States Fifth Circuit Court of Appeal, in *Mayo v. Hyatt Corp.*, <u>898 F.2d 47</u> (5th Cir. 1990). The *Mayo* case involved a hotel guest who died when he fell down the stairs after a hotel bar allegedly served him alcoholic beverages. Noting the trial court's observation that "Louisiana law unambiguously placed the responsibility for the consequences of intoxication on the intoxicated person, and expressly disclaims `dramshop' liability," the court held that **"the sole duty of a seller of alcoholic beverages is to avoid taking affirmative acts which increase the peril to an intoxicated person."** *Id.* at 48-49, citing *Thrasher*. The court affirmed the trial court's granting of a motion for summary judgment in favor of the defendant hotel, finding that the "[p]laintiffs have failed to produce any **evidence whatsoever of an affirmative act on the part of [the hotel] that increased the peril to [the guest]**." *Id.* (emphasis supplied).

See also: <u>Mills v. Harris</u>, 615 So. 2d 533, (La. App. 3rd Cir., 1993), in which the court applied the same duty/risk analysis used in *Thrasher* and *Gresham*, considering only whether the vendor had committed an affirmative act which increased the peril created by the intoxication:

> "In LSA-R.S. 9:2800.1 added by Acts 1986, No. 18, § 1, the legislature further restricted the liability of retailers and social hosts. This statute codifies the policy stated in Thrasher that the consumption of alcoholic beverages, rather than the sale or the serving of such beverages, is the proximate cause of injuries inflicted by an intoxicated person upon himself or upon others.

> "Jurisprudence citing Thrasher and LSA-R.S. 9:2800.1 holds that **merely serving alcoholic drinks to an intoxicated person is not an affirmative act which would impose liability under LSA-C.C. 2315.** See Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980); Edson v. Walker, 573 So.2d 545 (La.App. 1st Cir.), writ denied, 576 So.2d 34 (La. 1991).
> <u>Mills v. Harris</u>, 615 So. 2d 533, (La. App. 3rd Cir., 1993)

Thus the courts have recognized the difference between merely "serving or providing alcoholic beverages on the one hand (for which R.S. 9:2800.1 grants immunity), and performance of an "affirmative act which increases the risk of peril to the patron" (for which liability may attach). These are two separate acts. La. R.S. 9:2800.1 must be strictly construed. The statute's failure to contain language absolving purveyors of alcohol from performing affirmative acts which increase the risk of peril to their patrons clearly shows that liability for such "affirmative acts" remains intact.

The defendant in this case wants the statute (La. R.S. 9:2800.1) to be construed not only to grant immunity to the provider of alcohol for injuries resulting from the intoxication of the recipient, but also to immunize the defendant from affirmative acts which increase the risk of peril to the already intoxicated patron.

La. C.C. 2315 liability may be imposed upon a party who evicts someone who is known to be intoxicated. See for example *Kramer v. Continental Casualty Co.,* 92-1131 (La.App. 3 Cir. 9/2/94), <u>641 So.2d 557</u>, *writs denied,* 94-2573, 94-2574, 94-2575, 94-2596 (La. 12/19/94), <u>648 So.2d 399</u>, 402, 403, which involved a hotel's duty to minor guests who they ordered to leave despite knowledge of their intoxication. The Louisiana Third Circuit Court of Appeal found that, once the hotel employees became aware of the possession and consumption of alcohol by underage minors on its premises, it breached its duties to the minors by failing to confiscate the alcoholic beverages or order the minors to cease in their possession and consumption. *Id.* at 570. Moreover, the court found that the hotel breached its duties to the minors by ordering them to leave. *Id.*

Louisiana law requires an evaluation of "comparative fault". La. C.C. 2323:

> "In any action for damages where a person suffers injury, death, or loss, **the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined,** regardless of whether the person is a party to the action or a nonparty, and **regardless of the person's** insolvency, ability to pay, **immunity by statute,** including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. ..."

Therefore, the percentage of fault of the Isle of Capri for its affirmative act in evicting their intoxicated patron, Cynthia Reed, must be determined at a trial on the merits.

The legislature is presumed to know the interpretation which has been given to the law by the Courts.

> Lehman v. Lehman, 130 La. 960, 58 So. 829, thus:
>
> > "Where a statute or an article of the Code has been reenacted without change, the interpretation which had been placed upon it by the Supreme Court must be considered as having been adopted along with it."
>
> And, from Frank v. Waters, 162 La. 255, 110 So. 413, I quote the second paragraph of the syllabus, thus:
>
> > "Where statute, previously interpreted by Supreme Court, has been re-enacted, without material change, presumption is that Legislature intended same interpretation to be placed on re-enacted act."
>
> Succession of Lambert, *210 La. 636* (1946); *28 So.2d 1*

Had the legislature intended to extend the immunity to "affirmative acts which increase the risk to the intoxicated patron", the legislature certainly could have included such language in the Act. Having failed to do so, makes it all the more clear that the legislature intended to adopt the meaning which had been given to the law by the Supreme Court. After all, La. R.S. 9:2800.1 merely adopted by statute what the Supreme Court had said in earlier cases, to wit: that it is not the provider of alcohol, but the imbiber of alcohol which is responsible for injuries caused due to the intoxication. The exception provided by the Supreme Court is presumed: "i.e., unless the provider has done something to increase the risk of peril to the intoxicated person."

## UNCONSTITUTIONAL INTERPRETATION

La. Constitution, Article I., section 22 provides that every citizen shall have an "adequate remedy by due process of law and justice" for injuries suffered by him. The interpretation of the statute sought by the defense in this case would be an unconstitutional interpretation of the law extending immunity to affirmative acts which increase the risk of peril to a patron absent any express law authorizing such immunity. In the event the court desires to entertain the defendant's interpretation, the Court should grant plaintiffs additional time to serve the Louisiana Attorney General with appropriate pleadings to declare the proposed interpretation or the statute unconstitutional. The attorney General must be served with a petition to declare a statute unconstitutional.

La. R.S. 9: 2800.1 was added by Acts 1986, No. 18, § 1, eff. June 6, 1986. [Copy attached at Appendix tab # 1]  **EVEN POST- ENACTMENT OF La. R.S. 9:2800.1,  the factual issue of  WHETHER the provider of alcohol increased the peril to an intoxicated patron  precludes summary judgment.**

> "**Genuine issue of material fact existed** as to whether **bar staff increased peril to automobile passenger** of bar patron by serving alcohol to patron even though he may have been intoxicated or was becoming more intoxicated while drinking at bar, precluding summary judgment in dram shop claim brought by injured passenger. <u>Godfrey v. Boston Old Colony</u>, App. 4 Cir.2000, 763 So.2d 12, 1999-2445 (La.App. 4 Cir. 2/23/00), rehearing denied."

The interpretation given to La. R.S. 9:2800.1 has consistently been applied to grant the  so-called DRAM SHOP IMMUNITY OF LA. R.S. 9:2800.1 only "WHERE THE ALCOHOL PROVIDER  **TOOK NO AFFIRMATIVE ACT TO INCREASE THE PERIL TO THE CONSUMER**  BEYOND PROVIDING ALCOHOL.  See <u>Alvarenga v. Mills</u> App. 4 Cir.2002, 818 So.2d 1017, 2001-0872 (La.App. 4 Cir. 5/10/02), writ denied 825 So.2d 1197, 2002-1610 (La. 9/30/02):

> "Nightclub was statutorily immune from liability to motorist in personal injury suit filed against it for providing an employee with alcohol on night of collision, **where nightclub**, which was licensed to sell alcohol, **took no affirmative act beyond serving alcohol** to the employee, who was of lawful age to consume alcohol, even though the **peril was increased** from serving alcohol."

**The Louisiana Supreme Court  has never rejected the  La. C.C. 2315 liability  of an alcohol provider who performed an affirmative act of ejectment of an intoxicated person, increasing the peril to the intoxicated person.:**

> "**The "affirmative act" requirement**, specifically **unreasonable ejectment from the premises**, was put into place by this Court in *Thrasher*, as a requirement to impose liability on an alcoholic beverage vendor who serves alcohol to an intoxicated *adult*. "    <u>Berg v. Zummo</u>  2000-1699 (La. 4/25/01), *10-11, 786 So.2d 708,), *10, 786 So.2d 708, - , *11, 786 So.2d 708,  (La.,2001)

**Even after the adoption of La. R.S. 9:2800.1, Louisiana Courts have confirmed  the correctness of imposing liability on alcohol purveyors for affirmative acts which increase the peril to intoxicated patrons:**

> " ...(O)ur decision in *Pence* was correct in finding that **Article 2315 imposes upon a bar owner a duty to avoid affirmative acts which increase the peril to an intoxicated patron.** That duty is discussed by Prosser in the following language: "There may be no duty to take care of a man who is ill or intoxicated,

and unable to look out for himself, but it is another thing to eject him into the danger of a railroad yard; and if he is injured there will be liability." Prosser, *Law of Torts*, § 56, p. 343. **Accordingly it is not inappropriate as in *Pence* to find that a proprietor who closes his establishment and puts an intoxicated patron out on a busy highway breaches his duty not to increase his patron's peril.** Thus, <u>in the absence of an affirmative act</u> which increases the likelihood of the intoxicated person's **harm to himself, the jurisprudence recognized no liability to the seller or server.** With the passage of La. R.S. 9:2800.1, the legislature has provided as a general premise that "the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury ... inflicted by an intoxicated person."

Robertson v. State ex rel. Department of Planning and Control 32,309 ,*11-12, 747 So.2d 1276, **1282-1283 (La.App. 2 Cir.,1999) (emphasis supplied)

**EVIDENCE**:

1. **Deposition of Jacqueline Henry**, defendants chief security officer who completed the eviction form and wrote "patron is intoxicated." See also the Eviction report attached to the deposition. See also the other attachments to the deposition including alcohol servers guide.

2. **Deposition of Georgette Lamprez,** who accompanied Cynthia Reed on that night and who unequivocally testified that Cynthia Reed was forcibly evicted while Cynthia was obviously intoxicated.

3. **Affidavit/report of Dr. Saferstein** showing the intoxication level of Cynthia Reed at the time she was evicted forcibly from the Isle of Capri.

4. **Affidavit/report of Fred Del Marva**, plaintiff's expert related to safety issues, affirmative acts by defendants.

**ESTABLISHED/undisputed FACTS**:

1. Although defendants choose to argue now that Cynthia Reed was not "intoxicated." The security officer who completed the eviction report on the night of the eviction apparently believed sufficiently that Cynthia Reed was intoxicated to cause the security officer to write in the report: "**Patron is intoxicated**." This at least shows knowledge on the part of defendants that Cynthia Reed was in a state of intoxication sufficient to warrant writing "intoxication" on the eviction report. [See Eviction report attached to deposition of Jacqueline Henry].

2. The report of Dr. Saferstein clearly shows that even with no alcohol after about 8:45 PM on the evening of the eviction, based upon the blood alcohol content in tests early the next morning, Cynthia would have exceeded blood alcohol levels to be considered legally intoxicated prior to the eviction.

3. Eviction is an affirmative act committed by employees of the defendant.

**ARGUMENT**:

If all the Isle of Capri had done on February 27, 2000 was "sell or serve intoxicating beverages", La. R.S. 9:2800.1 would have provided immunity for the state cause of action. [1]  If Cynthia Reed had been allowed to  walk out on her own, there would have been no cause of action.  Or had the Isle of Capri followed its own policy manuals and  offered her food, water, coffee, a room, a meal, or a chance to call a cab or a friend, or otherwise  offered her an  opportunity to sober up as called for by the training manuals of the Isle of Capri, she may have never been injured.   But that is not what happened.  The Isle, recognizing she was intoxicated, forcefully evicted  her and required her to leave in her vehicle.   This type of conduct cannot be allowed to be immune from civil liability.  It certainly cannot be the official policy of the state of Louisiana.    Even after the adoption of La. R.S. 9:2800.1, the  Courts continue to distinguish between  mere "selling or providing alcoholic beverages" and **"affirmative acts which increase the risk of peril to an intoxicated person"**.

"**The Louisiana Supreme Court in *Thrasher v. Leggett*, 373 So.2d 494 (La.1979), defines the duty imposed upon the providers of alcohol under La.C.C. arts. 2315 and 2316 as being to avoid affirmative acts which increase the risk of peril to an intoxicated person**. This pronouncement was followed in *Sanders v. Hercules Sheet Metal, Inc.,* 385 So.2d 772 (La.1980) and *Leblanc v. Adams,* 510 So.2d 678 (La.App. 4th Cir.1987). A review of pleadings and depositions filed indicates that all Delchamps did was sell beer to Levine, a major, while in the presence of minors. **We cannot say that this alone constitutes an affirmative act which increased the risk of peril to appellants**. Thus, we find that there is no genuine issue as to a material fact and that Delchamps is entitled to judgment as a matter of law."
Boudreaux v. Delchamps, Inc.  567 So.2d 700, *702 (La.App. 3 Cir.,1990)


"In *Sanders v. Hercules Sheet Metal, Inc.* 385 So.2d 772 (La.1980), the Supreme Court discussed the duty of an employer who provided liquor for its employees at a party to an intoxicated employee. The court stated: In *Thrasher v. Leggett,* 373 So.2d 494 (La.1979), we examined the duty owed by a bar owner to an intoxicated patron. Even if we accept plaintiff's allegation that his employer provided its employees with the Christmas party solely for the benefit of the employer's business, defendant would have no higher standard of duty than a bar owner. **We found that duty, under C.C. 2315 and 2316, is to avoid affirmative acts which increase the risk of peril to an intoxicated person.**" ... ... "**The Louisiana Supreme Court has made clear in *Thrasher, supra,* that the provider of alcohol incurs no liability <u>unless he performs an affirmative act which increases the peril posed by the alcohol consumer's inebriated condition.</u>**"  (emphasis supplied)
Freeman v. Estate of Young  552 So.2d 1285, *1287 -1289 (La.App. 5 Cir.,1989)

---

[1]  The federal maritime cause of action must await appeal of the interlocutory judgment  in this case which found that  U.S. District Courts do not have maritime jurisdiction over vessels which allow "gaming".  Oddly enough, federal maritime jurisdiction over riverboats  may only be exercised by state courts in the Western District of Louisiana.   It is an enigma that the case may have to be tried in two separate trials when all  issues could have been determined in one trial.

A "cause in fact" of an injury is that which, "but for" the conduct, the injury would not have happened. In the present instance, "but for" the forcible eviction of an already intoxicated person, there would have been no injury and no cause of action.  The statute relied upon by the defendant  would grant defendant immunity had the defendant's conduct been only the providing of alcoholic beverages.  However, the defendant's conduct did not stop there.  The forcible eviction of a person who had the pre-existing condition of intoxication is an affirmative act which takes defendants' conduct outside the statute.  The statute does not grant immunity for **affirmative acts which increase the risk of peril to an intoxicated person.**

WHEREFORE, the Motion for Summary Judgment filed by  defendant, Isle of Capri,  should be denied at defendant's cost.

Respectfully Submitted,
LAW OFFICES OF OLIVER "JACKSON"
SCHRUMPF AND CHARLES SCHRUMPF
A PROFESSIONAL LAW CORPORATION

BY:

OLIVER "JACKSON" SCHRUMPF
LA Bar Roll # 11832
3801 Maplewood Drive
Sulphur, LA  70663
(337) 625-9077 phone
(337) 625-8231 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon the following by

mailing the same to each by first class United States mail, properly addressed, postage prepaid, at the last

known address.

>Anne Derbes Keller and Evan Caffery
>Attorneys for defendant,  ISLE OF CAPRI
>CORPORATION (a Mississippi Corporation)
>d/b/a ISLE OF CAPRI CASINO OF
>LAKE CHARLES, LOUISIANA

>By depositing a copy in the U.S. Mail, properly addressed
>To  Anne Derbes Keller and Evan Caffery
>Phelps Dunbar, L.L.P.
>365 Canal St., Suite 2000
>New Orleans, La. 70130-6534

>Clay Dugas, co-counsel for Plaintiff
>805 Park
>Beaumont, Texas 77701

Thus done at Sulphur, Louisiana this 5th day of November , 2003.


_____
OLIVER "JACKSON" SCHRUMPF

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES  DIVISION

## NOTICE OF DOCUMENTATION NOT FILED IN RECORD

CASE# 01CV2459

CYNTHIA REED

    VS.

ISLE OF CAPRI CORP., ET AL

ATTACHMENTS TO:

    DOCUMENT#:  51

    DESCRIPTION:  OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

    FILED BY:    CYNTHIA REED

    FILE DATE:    JANUARY 6, 2004

HAVE BEEN PLACED IN AN ACCORDIAN FOLDER

                        DEBORAH BERRY

                          _____

                          DEPUTY CLERK